**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CIV-60213-BLOOM**

THEODORE B. GOULD,

    Appellant,

v.

ROBERT C. FURR,

    Appellee.
_____/

In re:

| | |
|---|---|
| JAMES P. DRISCOLL, | Case No. 06-12420-BKC-JKO |
| | Chapter 7 |
|     Debtor, | |
| PATRICK POWER CORPORATION, | Case No. 06-12423-BKC-JKO |
| | Chapter 7 |
|     Debtor. | |

_____/

**OPINION AND ORDER**

This matter is before the Court upon Appellant Theodore B. Gould's Motion for Mandatory Withdrawal of the Reference ("Motion"), ECF No. [1], transmitted to this Court on February 3, 2015. Appellant Theodore B. Gould ("Gould"), individually and as former general partner of the Miami Center Limited Partnership, proceeding *pro se*, seeks to withdraw this action to district court based upon "incompetence, pervasive fraud, breach of fiduciary duty, negligence, and [] [violations of] the administration of bankruptcy law." *Id.* at ¶ 2. The bankruptcy proceedings at issue were commenced on June 6, 2006. *See* Docket Sheet, ECF No. [2-2] at 1. The Court has considered Gould's Motion, ECF No. [1], Appellee Robert C. Furr's

1

Response in Opposition, ECF No. [2-2], and the record in this case, and is otherwise fully advised in the premises.[1]

A district court has original and exclusive jurisdiction of all cases brought under Title 11. *See* 28 U.S.C. § 1334(a).  However, 28 U.S.C. § 157 vests in the district court the authority to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district.  *See* 28 U.S.C. § 157(a).  The jurisdiction of the bankruptcy court exists by virtue of this referral.  Accordingly, a district court may withdraw, in whole or in part, any case proceeding under the referral:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  Thus, the language of the statute provides for two forms of withdrawal, permissive and mandatory, with permissive withdrawal occurring when the movant has demonstrated "cause," and mandatory withdrawal being necessary "if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

---

[1] Appellant Theodore B. Gould filed the instant motion in the United States Bankruptcy Court for the Southern District of Florida on December 30, 2014. *In re James P. Driscoll*, No. 0:06-br-12420, ECF No. [1006] (S.D. Fla. Dec. 30, 2014).  On January 13, 2015, Appellee Robert C. Furr filed his response.  *See id.* at ECF No. [1010] (S.D. Fla. Jan. 13, 2015).  Pursuant to S.D. Fla. L. Br. R. 5011-1(B)(2), a reply was then required within fourteen (14) days.  When no reply was filed within the required time period, the United States Bankruptcy Court for the Southern District of Florida transmitted the matter to the District Court.  *See* S.D. Fla. L. Br. R. 5011-1(C)(1) ("When the record is complete for purposes of transmittal, and after the time for filing a response or reply has expired, the clerk of this court shall promptly transmit to the clerk of the district court the motion to withdraw, all timely filed responses and memoranda, and the portions of the record designated.").  Accordingly, the Motion is now ripe for adjudication.

In response to Gould's Motion, Appellee Robert C. Furr ("Furr") first contends that the Motion is untimely, as the administration of the underlying bankruptcy action has been completed. Resp., ECF No. [2-2] at 1-2. Indeed, the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"), entered its Order Awarding Final Trustee and Professional Fees and Expenses on June 5, 2014, and the Trustee filed its Notice of Final Dividends to Creditors on June 6, 2015. *See In re James P. Driscoll*, No. 0:06-br-12420, ECF Nos. [983] and [984] (S.D. Fla. June 5-6, 2014). Additionally, Furr asserts that there is no legal basis for withdrawal of the reference and that Gould is without standing. *See* Resp., ECF No. [2-2] at 2-4. The Court agrees.

"The threshold question in evaluating a motion to withdraw the reference under § 157(d) is whether plaintiff's motion . . . was made in a timely manner." *In re Global Energies, LLC*, No. 11-61322-CIV, 2011 WL 2610209, at *3 (S.D. Fla. July 1, 2011) (citation omitted); *see also In re Securities Grp. 1980*, 89 B.R. 192, 194 (M.D. Fla. 1988) ("A threshold issue in application of § 157(d) is the timeliness of the motion to withdraw the reference."). "For gauging timeliness, the key issue is when the moving party was first aware non-bankruptcy federal laws must be dealt with in resolving the case." *Id.* (citations omitted); *see also In re The VWE Grp., Inc.*, 359 B.R. 441, 446 (S.D.N.Y. 2007) (noting that there is "no specific time limit for applications under 28 U.S.C. § 157(d)," but the S.D.N.Y. has defined the term "timely" to mean "as soon as possible after the moving party has notice of the grounds for withdrawing the reference" (quoting *Lone Star Indus. v. Rankin County Economic Dev. Dist. (In re New York Trap Rock Corp.)*, 158 B.R. 574, 577 (S.D.N.Y. 1993); *Official Comm. of Unsecured Creditors of FMI Forwarding Co. v. Union Transp. Corp. (In re FMI Forwarding Co.)*, No. 04 Civ. 630, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005))).

Gould recognizes that "[w]ithdrawal of the reference of a case to the Bankruptcy Court must be timely filed, and in any event, before the case is closed." Mot., ECF No. [1] at 1 n.2. Yet the Motion filed in the Bankruptcy Court on December 30, 2014, was brought, at a very minimum, six months after the final substantive proceeding. Furr contends that "[t]his case is fully administered and the deadlines for all appeals have expired." Resp., ECF No. [2-2] at 2. Gould appears to seek withdrawal of the entire matter, which was commenced over eight years ago. No adversary proceedings are ongoing, no pending motions exist, and, as noted by Furr, proceedings have essentially been completed. Undoubtedly, Gould should have been aware of any issues involving non-bankruptcy federal laws long ago. Therefore, the motion is untimely. *See In re FMI Forwarding Co., Inc.*, No. 00 B. 41815 (CB), 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (noting that "[d]elay . . . which prejudices the opposing party or the administration of justice, can be grounds for denying a withdrawal motion as untimely") (citation omitted). Examining the merits of the motion further reveals that it must be dismissed.

The Motion, read as a whole, is borderline incomprehensible. It is entirely unclear what basis Gould presents for mandatory withdrawal of the reference, other than what appears to be general complaints regarding the underlying proceeding, including allegations of fraud and misconduct. Gould has framed his Motion as one for mandatory withdrawal but has failed to articulate how or why "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). As previously noted, there are no pending motions in the Bankruptcy Court, and Gould has not directed the Court to any matters that may require consideration of Title 11 and other laws. Even under the standard of "cause" applicable to a motion for permissive withdrawal, Gould's Motion does not make any attempt to address

elements generally considered to demonstrate cause, such as "the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, prompting the economical use of the parties' resources, and facilitating the bankruptcy process."  *See Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002) (citing *In re Simmons*, 200 F.3d 738, 742 (11th Cir. 2000)); *see also Global Energies*, 2011 WL 2610209, at *4 (noting that "[o]ther district courts within the Eleventh Circuit also evaluate whether the claim is core or non-core, whether there has been a jury demand and the prevention of delay" (citing *BankUnited Financial Corp. v. F.D.I.C.*, 436 B.R. 216, 220 (S.D. Fla. 2010)).  The Motion is denied for these reasons as well. Although Gould's pleadings are afforded more leniency than a represented individual due to the fact that he is proceeding *pro se*, see *Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D. Fla. June 10, 2010) (citing *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (noting that "liberal construction of pleadings is particularly important" in *pro se* cases), the Court is not required to parse through pleadings in an attempt to divine the movant's argument.  *See generally Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009) (stating that the Court is not "required to parse the [pleading] searching for allegations of misrepresentations that could conceivably form the basis of each of Appellants' claims").

      Lastly, Gould brings the motion on behalf of himself "and as the former general partner of the Miami Center Limited Partnership ("MCLP"), which was dissolved on December 21, 2011.  *See* Mot., ECF No. [1] at 1.  MCLP is an "artificial entity that can act only through agents[,] cannot appear pro se, and must be represented by counsel."  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citations omitted); *see also United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) ("[A] limited liability company . . . , like a corporation, cannot

litigate in a federal court unless it is represented by a lawyer." (citations omitted)).  This principle applies with equal force "even where the person seeking to represent the corporation is its president and major stockholder." *Palazzo*, 764 F.2d at 1385.  Thus, to the extent Gould seeks to assert the rights of the limited partnership, a fictional legal person, he lacks the ability to do so.

For the foregoing reasons, Appellant Theodore B. Gould's Motion for Mandatory Withdrawal of the Reference, **ECF No. [1]**, is **DENIED**.  The Clerk is directed the **CLOSE THIS CASE**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of February, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Theodore B. Gould
Appellant *Pro Se*
P.O. Box 5564
Charlottesville, VA 22905