**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 15-CIV-60213-BLOOM**

THEODORE B. GOULD,

     Appellant,

v.

ROBERT C. FURR,

     Appellee.

_____/

In re:

JAMES P. DRISCOLL,                Case No. 06-12420-BKC-JKO
                                       Chapter 7

     Debtor,

PATRICK POWER CORPORATION,     Case No. 06-12423-BKC-JKO
                                         Chapter 7

     Debtor.

_____/

## OPINION AND ORDER

This matter is before the Court upon Appellant Theodore B. Gould's Rule 9024 Motion

for Relief from this Court's Order, ECF No. [7] ("Motion").  On February 3, 2015, the Court

received a Motion for Mandatory Withdrawal of the Reference, ECF No. [1] ("Motion for

Mandatory Withdrawal"), in which Appellant Theodore B. Gould ("Gould"), individually and as

former general partner of the Miami Center Limited Partnership ("MCLP"), proceeding *pro se*,

sought to withdraw the reference of two bankruptcy proceedings, *In re Patrick Power Corp.*,

Case No. 06-12423-BKC-JKO (S.D Fla.) (the "Patrick Power Bankruptcy") and *In re Driscoll*,

Case No. 06-12420-BKC-JKO (S.D. Fla.) (the "Driscoll Bankruptcy"), based upon

"incompetence, pervasive fraud, breach of fiduciary duty, negligence, and [] [violations of] the

1

administration of bankruptcy law."  *Id.* at ¶ 2.  The Motion for Mandatory Withdrawal was filed in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") on December 30, 2014.  *In re James P. Driscoll*, No. 0:06-br-12420, ECF No. [1006] (S.D. Fla. Dec. 30, 2014).  On January 13, 2015, Appellee Robert C. Furr filed his response.  *See id.* at ECF No. [1010] (S.D. Fla. Jan. 13, 2015).  Pursuant to S.D. Fla. L. Br. R. 5011-1(B)(2), a reply was then required within fourteen (14) days.  When no reply was filed within the required time period, the United States Bankruptcy Court for the Southern District of Florida transmitted the matter to the District Court.  *See* S.D. Fla. L. Br. R. 5011-1(C)(1) ("When the record is complete for purposes of transmittal, and after the time for filing a response or reply has expired, the clerk of this court shall promptly transmit to the clerk of the district court the motion to withdraw, all timely filed responses and memoranda, and the portions of the record designated.").  Accordingly, the Court determined that the Motion for Mandatory Withdrawal was ripe for adjudication and reviewed the same.

For purposes of clarity, the Court now briefly reiterates the relevant statutory provisions. A district court has original and exclusive jurisdiction of all cases brought under Title 11.  *See* 28 U.S.C. § 1334(a).  Title 28, Section 157 of the United States Code vests in the district court the authority to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district.  *See* 28 U.S.C. § 157(a).  The jurisdiction of the bankruptcy court exists by virtue of this referral. Accordingly, a district court may withdraw, in whole or in part, any case proceeding under the referral:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the

> court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).   Thus, the statute provides for two forms of withdrawal, permissive and mandatory, permitting a district court to withdraw when the movant has demonstrated "cause," and mandating withdrawal "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.*

After a thorough review of Gould's submission, the Court found the Motion for Mandatory Withdrawal to be without merit for a variety of reasons.  *See* Opinion and Order, ECF No. [5].  First, the Court found that the motion was untimely.  The bankruptcy proceedings at issue were commenced on June 6, 2006, see Docket Sheet, ECF No. [2-2] at 1, and the Bankruptcy Court's final substantive action had occurred, at a minimum, six months prior to Gould's motion.  *See* Opinion and Order, ECF No. [5] at 3-4.  Furthermore, no adversary proceedings were ongoing, no motions were outstanding, and all other proceedings had essentially been completed.  *Id.*  Therefore, "Gould should have been aware of any issues involving non-bankruptcy federal laws long ago," and the motion was untimely.  *Id.*  Second, accepting the motion as timely and examining the merits further revealed that the motion warranted denial.  *See id.* at 4-5.  Even considering the motion under the lenient standards afforded to *pro se* litigants, the Court found the motion to be "borderline incomprehensible," failing to set forth even a semblance of proper and applicable argument pertaining to either permissive or mandatory withdrawal.  *Id.*  Specifically, the Court found that Gould had "failed to articulate how or why 'resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate

commerce," 28 U.S.C. § 157(d), and, moreover, did not address elements generally considered to demonstrate cause under the standard applicable for permissive withdrawal.  *See* Opinion and Order, ECF No. [5] at 4-5.  Finally, the Court rejected Gould's assertion that he could pursue the motion on behalf of himself "and as the former general partner of the Miami Center Limited Partnership," as MCLP is an "artificial entity that can act only through agents[,] cannot appear pro se, and must be represented by counsel."  *Id.* at 5-6 (citing *Palazzo v. Gulf Oil Corp.*,764 F.2d 1381, 1385 (11th Cir. 1985); see also *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008)).  Consequently, the Court denied the Motion for Mandatory Withdrawal.

On March 19, 2015, Gould filed the instant Motion, asserting that the Court's Opinion and Order dated February 24, 2015, is "*void ab initio*" under Federal Rule of Bankruptcy Procedure 9024.  *See* Mot., ECF No. [7].  "Federal Rule of Bankruptcy Procedure 9024, applying Federal Rule of Civil Procedure 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."  *In re Mohorne*, 404 B.R. 571, 575-76 (Bankr. S.D. Fla.) *aff'd sub nom. Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488 (S.D. Fla. 2009) (citing Fed. R. Bankr. Pro. 9024; Fed. R. Civ. P. 60(b)). For the reasons stated hereafter, the Motion is denied.

Gould begins by stating that the Clerk of Court has failed to serve this Court's February 24th Order upon him.  *See id.* at 2.  Yet he seeks relief from the same.  This argument need not be addressed further as it is clearly unfounded.

4

Gould's first legitimate protest appears to be that he did not receive Appellee Robert C. Furr's Response in Opposition to the Motion for Mandatory Withdrawal, ECF No. [2-2], until February 18, 2015, despite it being filed with the Bankruptcy Court on January 13, 2015. Appellee Robert C. Furr ("Furr") does not appear to contest this fact.  *See* Response, ECF No. [9] at 2-3.  However, even after considering the arguments presented in Gould's Reply,[1] the Court finds that its prior Opinion and Order was nevertheless correct.  First, the Reply asserts that the Driscoll Bankruptcy and the Patrick Power Bankruptcy are not "two distinct bankruptcies."  *See* Reply, ECF No. [6] at 1-2.  Review of the record of both the Driscoll Bankruptcy and the Patrick Power Bankruptcy quickly reveals that these two matters involved two distinct debtors and were separately administered.  Next, Gould contends that the Estate of James P. Driscoll is jointly and severally liable for MCLP's judgment against Patrick Power Corp.  *See* Reply, ECF No. [6] at 2.  As Furr correctly notes, Gould has not demonstrated that he has standing to file a claim in the Driscoll Bankruptcy on behalf of the Patrick Power Corporation debtor.

Next, Gould challenges the Court's conclusion that he is unable to represent MCLP as the entity has been dissolved and, therefore, no longer exists.  *See id.* at 5.  However, Gould presents no authority suggesting that the long-standing rule that an "artificial entity that can act only through agents[,] cannot appear pro se, and must be represented by counsel," *Palazzo*,764 F.2d at 1385, does not apply where the entity has been dissolved.  The fact that MCLP provided Gould a dividend to him as partner upon liquidation does not negate this fundamental principle.  Indeed, in *Palazzo*, the Eleventh Circuit noted that this rule applies even where the corporation has assigned its claims to a lay individual.  *See id.* at 1385-86 (citations omitted).

---

[1] Gould labels his Reply as a "Response" and repeatedly refers to it as such.  However, the filing is appropriately classified as a reply memorandum.

The remainder of Gould's Reply is as mystifying as his initial Motion for Mandatory Withdrawal and utterly fails to address any of the remaining arguments presented by Furr's Response.   Gould appears to argue that additional discovery will reveal the extent of the previously alleged, but nonetheless unclear, fraudulent conduct and misrepresentations.   *See* Reply, ECF No. [6] at 6-7.   Moreover, Gould seems to present challenges to a multitude of orders entered in the Bankruptcy Court and other related proceedings.   *See id.* at 7-9. Notwithstanding the lack of clarity, these assertions fail to demonstrate why the Motion for Mandatory Withdrawal of the reference is timely, or, alternatively, why it should be granted despite its untimeliness.   Accordingly, even considering Gould's Reply, the Court would have reached the same conclusion and the February 24th Opinion and Order was nonetheless proper.

Much of Gould's Rule 9024 Motion presents the same arguments as his previously-discussed Reply.   For instance, Gould quarrels with his ability to represent MCLP in court.   *See* Mot., ECF No. [7] at 3-5.   As discussed, this argument is without merit.   Similarly, Gould's argument that the rule requiring artificial entities to be represented by counsel is in conflict with 28 U.S.C. § 1654 is equally unpersuasive.   *See id.* at 5.   Title 28, § 1654 allows individuals to proceed *pro se* in federal court; however, as noted by the Court in *Palazzo*, "[c]orporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation."   764 F.3d at 1385 (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Ind. 1975), *aff'd. sub nom. Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976)).   Therefore, the Court's instruction that an artificial entity must be represented by counsel is not in conflict with 28 U.S.C. § 1654, as the Eleventh Circuit has noted.   As a second example

of Gould's repetitiveness, Gould once again expresses discontent with orders not entered by the Court in the instant matter. *See* Mot., ECF No. [7] at 10. These matters do not appear to be reviewable by this Court in the present posture.

After parsing through the remaining hard-to-discern arguments, the Court finds Gould's residual assertions to also be without merit. To the extent Gould challenges the Court's determination that the Motion for Mandatory Withdrawal was untimely, he has neither presented a change in law, new evidence, nor manifest injustice that would warrant reconsideration of the decision. *See Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) ("Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact."). Courts in this district have emphasized that a motion for reconsideration should not be used to reiterate arguments previously made:

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. [However], [t]he motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)) (internal formatting omitted). If a motion for reconsideration merely submits previously rejected

arguments, the motion should generally be denied. *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) (quoting *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1268 (N.D. Ala. 2006) (noting that "motions to reconsider are not a platform to relitigate arguments previously considered and rejected")).  Although Gould's Motion is presented under Rule 9024, in this respect he has simply requested that the Court reconsider its prior decision dated February 24, 2015.  Gould's remonstrance of the underlying bankruptcy proceedings is admittedly untimely.  *See* Mot., ECF No. [7] at 10 (noting that "[a]lmost nine (9) years have elapsed since this proceeding was commenced," and "[m]ore than four (4) years elapsed before Tolz's successor trustee filed a final report").  Thus, the Court will not reconsider its prior decision.

In short, Gould has not demonstrated mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, other misconduct, or any other reason justifying relief that relates to this Court's February 24th Order denying Gould's Motion for Mandatory Withdrawal of the Reference.  *See In re Mohorne*, 404 B.R. at 576 (listing the Fed. R. Civ. P. 60(b) reasons for relief from a court's order).[2]

For the foregoing reasons, Appellant Theodore B. Gould's Rule 9024 Motion for Relief from this Court's Order, **ECF No. [7]**, is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of April, 2015.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

---

[2] Any arguments not explicitly addressed herein are implicitly rejected.

8

Copies to:

Counsel of Record

Theodore B. Gould
Appellant *Pro Se*
P.O. Box 5564
Charlottesville, VA 22905